IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAROLYNE KIGERA,

    Plaintiff,

v.                                              Case No. 2:16-cv-2547-JTM-TJJ

BETHESDA LUTHERAN COMMUNITIES,

    Defendant.

**MEMORANDUM AND ORDER**

Plaintiff filed a *pro se* complaint on August 4, 2016, alleging that defendant discriminated against her in the terms of employment on account of race, national origin, disability or perceived disability, and in retaliation for reporting another employee's abuse of a patient with a disability. Dkt. 1. The matter is now before the court on defendant's motion for partial dismissal. Dkt. 13.

Defendant notes that plaintiff's administrative charge with the EEOC (Dkt. 13-1) did not make any claim of age discrimination, harassment, or failure to accommodate a disability. Yet all of these allegations are included in some form in the current complaint. *See* Dkt. 1. Defendant argues these three claims should be dismissed for failure to exhaust administrative remedies. Plaintiff has not filed a response to the motion, and the time for doing so has now expired.

In plaintiff's EEOC complaint, she did not check the box indicating a claim of age discrimination, nor did she otherwise set forth facts alleging age discrimination. Dkt. 13-1. Similarly, she failed to allege any facts indicating unlawful harassment. She did

check a box marked "disability" discrimination, but did not allege any facts asserting that the defendant failed to reasonably accommodate a known disability. *See Lara v. Unif. School Dist. 501*, 350 F.App'x 280, 285, 2009 WL 3382612 (10th Cir. 2009) (allegation of disability discrimination alone does not exhaust a claim for failure to accommodate a disability). Because exhaustion of administrative remedies is required before such claims can be sued upon, and because plaintiff's failure to exhaust is undisputed on the current record, the court will grant defendant's motion to dismiss these three claims. *Shikles v. Sprint/united Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (failure to exhaust age discrimination claim barred suit); *Apsley v. Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012) (Title VII claim requires exhaustion); *Lara*, 350 F. App'x at 285 (failure to exhaust accommodation claim required dismissal). This ruling does not affect plaintiff's remaining claims.

**IT IS THEREFORE ORDERED** this 3rd day of March, 2017, that defendant's Motion for Partial Dismissal (Dkt. 13) is GRANTED. Plaintiff's claims for age discrimination, harassment, and failure to accommodate a disability are dismissed without prejudice.

s/   J. Thomas Marten  
Chief United States District Judge