IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAROLYNE KIGERA, )
)
       Plaintiff, )
)
v. ) Case No.: 2:16-cv-02547-JTM-TJJ
)
BETHESDA LUTHERAN COMMUNITIES, )
)
       Defendant. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Jury Trial (ECF No. 27). Plaintiff asks the Court to grant her demand for jury trial. Defendant opposes the motion. For the reasons set forth below, the Court grants the motion.

**I.    Relevant Background**

Plaintiff filed her initial complaint, *pro se*, on August 4, 2016, using an Employment Discrimination Complaint form offered by the Court Clerk for use by *pro se* plaintiffs.[1] The form includes the phrase "Plaintiff requests trial by jury" with instructions to check either the "yes" or "no" box. Plaintiff checked the latter.

After Defendant filed its answer and the undersigned Magistrate Judge conducted a Scheduling Conference with Plaintiff and Defendant's counsel, Defendant filed a partial motion to dismiss.[2] The presiding District Judge granted Defendant's motion, resulting in dismissal of three of her claims.[3] Within a week of the order of partial dismissal, counsel entered his

---

[1] ECF No. 1.

[2] ECF No. 13.

[3] ECF No. 16.

appearance for Plaintiff,[4] and the undersigned Magistrate Judge set a Status Conference to discuss discovery and Scheduling Order issues in light of counsel entering the case on Plaintiff's behalf.[5]

During the Status Conference, Plaintiff's counsel indicated he would seek to amend the complaint to conform to the order of dismissal and to add a jury demand. Defendant's counsel replied that he would not object to an amended complaint insofar as it clarified Plaintiff's claims, but he would object to Plaintiff asserting additional claims and to a jury demand. Plaintiff's counsel subsequently filed a First Amended Complaint[6] and the instant motion.

## II.     Legal Standards

"A party waives the right to a jury trial when he fails to make a timely demand under [Federal Rule of Civil Procedure] 38(b)."[7] Under Rule 39(b), however, the court has discretion to order a jury trial later upon motion of a party, notwithstanding the party's failure to make a timely demand for a jury trial.[8] The discretion afforded by Rule 39(b) is very broad and in the absence of strong and compelling reasons to the contrary, a district court should exercise its

---

[4] ECF No. 17.

[5] ECF No. 18.

[6] ECF No. 26. The Amended Complaint does not assert new claims, but merely reasserts claims for race/national origin discrimination under Title VII and retaliatory termination under Title VII. Defendant responded to the Amended Complaint by filing an answer (ECF No. 29), and did not file a new motion to dismiss within the time allotted by the Amended Scheduling Order (ECF No. 21 at 2), 7.

[7] *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992).

[8] *Id. See* Fed. R. Civ. P. 39(b) ("Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.").

discretion to grant a jury trial.[9]

### III. Analysis

Plaintiff argues that her request for jury trial should be deemed timely because she brought it within 14 days of filing her Amended Complaint.[10] Defendant disagrees, correctly noting that in interpreting Rule 38, courts consistently hold that an amended pleading does not revive the 14-day period unless the pleading raises new claims.[11] As noted above, Plaintiff's Amended Complaint raises no new claims. Accordingly, the Court finds Plaintiff's request for jury trial is untimely.

That finding, however, does not decide the issue. Plaintiff asserts no strong and compelling reasons exist for the Court to deny her right to jury trial and the Court should therefore exercise its discretion under Rule 39 and grant her motion. Defendant takes issue with the argument and asserts strong and compelling reasons do exist in that Defendant will suffer prejudice if the motion is granted because the case has been pending for nine months and discovery closes in approximately three months. The Court does not find Defendant's argument persuasive. According to the court docket sheet, Defendant has served no written discovery and has noticed no depositions. The mere pendency of the case has no bearing on whether the trial should be by jury or to the court, and Defendant cannot argue that it will be forced to amend or supplement discovery if the Court grants Plaintiff's motion.[12]

---

[9] *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992).

[10] *See* Fed. R. Civ. P. 38(b)(1) (demand timely if made "no later than 14 days after the last pleading directed to the issue is served").

[11] Defendant's Suggestions in Opposition to Plaintiff's Motion for a Jury Trial (ECF No. 28) at 3-4 (citing cases).

[12] *See, e.g., Unidev, L.L.C. v. Hous. Auth. of New Orleans*, 250 F.R.D. 268, 271-72 (E.D. La. 2008) (rejecting argument that jury demand made within 14 days of amended complaint was

Finally, Defendant argues that Plaintiff demonstrates nothing more than mere inadvertence as the reason for her failure to demand trial by jury in her original complaint, and consequently the Court would not abuse its discretion if it denied the motion. This argument not only ignores the opponent's burden to demonstrate strong and compelling reasons why a court should exercise its discretion to deny a party a right to jury trial, it also ignores the fact that Plaintiff's original complaint was filed *pro se*. Courts are to liberally construe pleadings filed by *pro se* parties,[13] and in this instance the Court finds no compelling reason to hold Plaintiff to her omission. The Court therefore grants Plaintiff's motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Jury Trial (ECF No. 27) is granted.

Dated this 5th day of June, 2017, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge

---

timely but finding defendants failed to meet burden to demonstrate persuasive reasons to deny plaintiff's constitutional right to trial by jury).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).