IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAROLYNE KIGERA,                    )
                                   )
                Plaintiff,          )
                                   )
v.                                 )  Case No.:  16-cv-02547-JTM-TJJ
                                   )
BETHESDA LUTHERAN COMMUNITIES,      )
                                   )
                Defendant.          )

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Consideration of Evidence Under Rule 7.3 and for Leave to Correct the Record to Reflect Discovery Served by Defendant (ECF No. 32).  Despite its title, the motion seeks reconsideration of the Court's order granting Plaintiff's Motion for Jury Trial.[1]  Plaintiff has filed no response.  For the reasons set forth below, the Court denies the motion.

A motion to reconsider a non-dispositive order must be based on (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice.  D. Kan. Rule 7.3(b).  A motion to reconsider is only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence.[2]  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.[3]  A party's failure to present its strongest case in the first instance does not

---

[1] Plaintiff's motion is ECF No. 27; the Court's order granting the motion is ECF No. 31.

[2] *Comeau v. Rupp*, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992).

[3] *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

entitle it to a second chance in the form of a motion to reconsider.[4]  Whether to grant a motion to reconsider is left to the Court's discretion.

Although the motion title suggests Defendant offers newly available evidence for the Court's consideration, Defendant neither addresses the Rule 7.3 standard nor indicates how the facts it raises constitute relevant evidence.  Indeed, Defendant indicates complete agreement with the Court's recitation of the relevant background of the case.

In its order granting Plaintiff's motion for jury trial, the Court noted that Defendant has served no written discovery and has noticed no depositions.[5]  Defendant agrees that neither party filed a notice to show service of discovery requests or responses, and that no depositions have been taken.  The entirety of Defendant's argument is to ask the Court to consider that it served written discovery to Plaintiff on January 26, 2017 while she was proceeding pro se, and that on March 20, 2017 (after Plaintiff obtained counsel and two months before her request for jury trial) she responded to the discovery.  However, Defendant does not explain how this written discovery has any bearing on whether Plaintiff should be afforded a jury trial.  The Court presumes Defendant was satisfied with Plaintiff's responses because Defendant filed no motion to compel within the 30-day window permitted by D. Kan. Rule 37.1.

---

[4] *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005).

[5] ECF No. 31 at 3.  The Court's statement was incomplete.  The docket sheet does show Defendant served written discovery on Plaintiff while she was pro se (ECF No. 14).  However, as the record does not contain evidence that Plaintiff served responses while she was pro se or that her counsel filed responses after he entered his appearance, the Court inadvertently omitted reference to the former.  In its motion, Defendant also overlooks its own notice.  ECF No. 32 at 2 ("The Court is correct that the docket does not reflect a certificate of service for the service of Bethesda's discovery."), at 4 ("Unfortunately, the court is correct the record does not reflect Bethesda's service of the discovery or Plaintiff's service of her responses.").  As the discovery is not relevant to Defendant's motion to reconsider, however, the Court mentions it only to recognize the omission.

Defendant points out that in opposing Plaintiff's request for jury trial, it had relied on Plaintiff's affirmative choice while pro se to forgo a jury trial, and not on Plaintiff's inadvertence.[6]  The Court understood as much and agreed that Plaintiff waived her right to jury trial.[7]  But as the Court also noted, a finding of waiver is not dispositive of the issue:

> Under Rule 39(b), however, the court has discretion to order a jury trial later upon motion of a party, notwithstanding the party's failure to make a timely demand for a jury trial.  The discretion afforded by Rule 39(b) is very broad and in the absence of strong and compelling reasons to the contrary, a district court should exercise its discretion to grant a jury trial.[8]

Defendant has never argued that granting Plaintiff a jury trial will force Defendant to amend or supplement discovery.  Indeed, at the time Defendant filed its motion, counsel were in the process of scheduling Plaintiff's deposition.[9]  Nor does Defendant point to new evidence, in spite of the title of its motion, which would meet its burden to demonstrate strong and compelling reasons why this Court should exercise its discretion to deny a party a right to jury trial.  In sum, no link exists between Defendant's discovery and Plaintiff's right to jury trial, and Defendant offers no other basis for its motion.  Defendant's motion does not demonstrate that the Court has obviously misapprehended its position, the facts or applicable law, nor does it produce new evidence that it could not have obtained earlier through the exercise of due diligence Accordingly, the Court declines to reconsider its order granting Plaintiff's motion for jury trial.[10]

   **IT IS THEREFORE ORDERED THAT** Defendant's Motion for Consideration of

---

[6] ECF No. 32 at 3.

[7] *See* Memorandum and Order (ECF No. 31) at 2-3 (quoting Tenth Circuit case law holding that failure to timely assert jury demand acts as waiver, and finding Plaintiff's demand untimely.).

[8] *Id.*

[9] *Id.* at 4.

[10] The Court also finds the motion moot insofar as it seeks permission to supplement the record with certificates of service reflecting the discovery served by Defendant.

Evidence Under Rule 7.3 and for Leave to Correct the Record to Reflect Discovery Served by

Defendant (ECF No. 32) is denied.

      Dated this 21st day of July, 2017, at Kansas City, Kansas.


                      *s/ Teresa J. James*
                      Teresa J. James
                      U.S. Magistrate Judge